Jonathan K. Youngwood (*Admitted Pro Hac Vice*)
jyoungwood@stblaw.com
Meredith Karp (*Admitted Pro Hac Vice*)
meredith.karp@stblaw.com
SIMPSON THACHER & BARTLETT LLP
425 Lexington Avenue
New York, NY 10017
Telephone:  (212) 455-2000
Facsimile:   (212) 455-2502

Robert A. Faucher (ISB #4745)
rfaucher@hollandhart.com
A. Dean Bennett (ISB #7735)
adbennett@hollandhart.com
Julie A. Hamilton (ISB #11708)
jahamilton@hollandhart.com
HOLLAND & HART LLP
800 W. Main Street, Suite 1750
Boise, ID 83702-7714
Telephone:  (208) 342-5000
Facsimile:   (208) 343-8869

*Attorneys for Defendant*

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF IDAHO

| PAYSERVICES BANK,<br><br>       Plaintiff,<br><br>vs.<br><br>FEDERAL RESERVE BANK OF<br>SAN FRANCISCO,<br><br>       Defendant. | Case No. 1:23-cv-00305-REP<br><br>**DEFENDANT FEDERAL RESERVE BANK OF SAN FRANCISCO'S MOTION TO STRIKE THE DECLARATION OF LIONEL DANENBERG** |
| --- | --- |

Defendant Federal Reserve Bank of San Francisco ("FRBSF"), by and through its undersigned counsel, respectfully moves the Court for an order striking the Declaration of Lionel Danenberg, Dkt. No. 23-1 (the "Declaration").

In Opposition to Defendant's Motion to Dismiss, PayServices attached a Declaration of new, unsupported factual allegations.  This is improper and the Declaration should be stricken from the record.

It is well-settled that "[i]n determining the propriety of a Rule 12(b)(6) dismissal, a court may not look beyond the complaint to a plaintiff's moving papers, such as a memorandum in opposition to a defendant's motion to dismiss."  *Schneider v. Cal. Dep't of Corr.*, 151 F.3d 1194, 1197 n.1 (9th Cir. 1998); *United States v. Ritchie*, 342 F.3d 903, 909 (9th Cir. 2003) ("[I]t would have been improper for the court to consider the declaration and exhibits attached to the government's opposition without converting the motion to dismiss into a motion for summary judgment[.]"); *United States ex rel. Lee v. Corinthian Colleges*, 655 F.3d 984, 998 (9th Cir. 2011) ("As a general rule, we may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion." (internal citation omitted)).  Courts in the Ninth Circuit, including in this district, routinely strike or disregard new factual allegations contained in an opposition brief.  *See, e.g.*, *Rehms v. City of Post Falls*, No. 2:22-cv-00185-DCN, 2022 U.S. Dist. LEXIS 231270, at *7 (D. Idaho Dec. 22, 2022) (granting motion to strike "an affidavit [submitted] as part of an opposition brief to a motion to dismiss in order to assert new facts not included in the complaint"); *Gaylord v. Cnty. of Ada*, No. 1:22-cv-00195-BLW, 2022 U.S. Dist. LEXIS 202519, at *5 (D. Idaho Nov. 4, 2022) (granting defendant's motion to exclude the affidavits and exhibits from plaintiff's opposition because it is improper for "a plaintiff to submit an affidavit or declaration in order to assert new facts not included in a complaint" at the motion to dismiss phase); *Haddock v. Countrywide Bank, N.A.*, No. CV 14-6452 PSG (FFMx), 2015 U.S. Dist. LEXIS 146291, at *20 (C.D. Cal. Oct. 27, 2015) ("All factual allegations that a plaintiff employs to oppose a motion to dismiss must be included in the operative pleading."); *Wise v. Maximus Fed. Servs.*, No. 18-CV-07454-LHK, 2020

U.S. Dist. LEXIS 10759, at *19 (N.D. Cal. Jan. 21, 2020) (disregarding assertion that "appears only in Plaintiff's opposition to the instant motion to dismiss"); *Monzon v. S. Wine & Spirits of Cal.*, 834 F. Supp. 2d 934, 941 (N.D. Cal. 2011) ("Because both Plaintiff's Opposition and Defendant's Reply introduce new facts and attach documents not referenced by or incorporated into the Complaint, the Court does not consider them in resolving the pending Motion.").

Additionally, the Declaration is largely unsupported by any documentary evidence.  For example, the declaration describes, without support: (1) the "preliminary approval for a charter from the Idaho Department of Finance" (Decl. ¶ 14); (2) the alleged evidence that PayServices submitted to FRBSF, including its "Compliance Management System Manual," the "Cybersecurity Manual," and  "Business Plan" (*id.* ¶ 15); (3) the company's "risk management framework" (*id.* ¶ 16); and (4) a "certification letter" allegedly stating that PayServices' compliance management system complies with "federal law" (*id.* ¶ 18).  This Court cannot accept as true PayServices' conclusory descriptions of documents that are not before the Court.  *See* Fed. R. Evid. 1002-1004.

For the foregoing reasons, Defendant FRBSF respectfully requests this Court to strike the Declaration of Lionel Danenberg and the references to such Declaration in Plaintiff's Opposition to Defendant FRBSF's Motion to Dismiss.

Dated this 14th day of September, 2023.

SIMPSON THACHER & BARTLETT LLP

By:  */s/ Jonathan K. Youngwood*
        Jonathan K. Youngwood (*Admitted Pro Hac Vice*)
        Meredith Karp (*Admitted Pro Hac Vice*)

            *- and -*

HOLLAND & HART LLP

By:  */s/ Robert A. Faucher*
        Robert A. Faucher

*Attorneys for Defendant*

DEFENDANT FEDERAL RESERVE BANK OF SAN FRANCISCO'S MOTION TO STRIKE DECLARATION OF LIONEL DANENBERG - 3

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 14th day of September, 2023, I filed the foregoing electronically through the CM/ECF system, which caused the following parties or counsel to be served by electronic means, as more fully reflected on the Notice of Electronic Filing:

Asa Daniel Brown
asa@asabrownlaw.com

Jade A. Craig
jade@jadeacraigpa.com

*/s/ Robert A. Faucher*
Robert A. Faucher
of HOLLAND & HART LLP